

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

---

Jonathan S. Garelick
Special Assistant United States Attorney

JSG/PL AGR
2025R00397

402 East State Street, Room 420
Trenton, New Jersey 08608

609-656-2558

June 5, 2025

**VIA EMAIL**

Benjamin West, Esq.
Assistant Federal Public Defender
Office of the Federal Public Defender,
    District of New Jersey
22 S. Clinton Avenue
Station Plaza #4, Bldg. #4
Trenton, New Jersey 08609

**RECEIVED**

**OCT 0 1 2025**

AT 8:30_____M
CLERK, U.S. DISTRICT COURT - DNJ

      Re:    Plea Agreement with Jose Manuel Menjivar Viera
             25-mj-5021 (JBD)
             Criminal Number 25-581 (GC)

Dear Mr. West:

      This letter sets forth the plea agreement between your client, Jose Manuel Menjivar Viera (hereinafter, "VIERA"), and the United States Attorney for the District of New Jersey ("this Office"). This offer will expire on July 18, 2025, if it is not accepted in writing by that date. If VIERA does not accept this plea agreement, his sentencing exposure could increase beyond what is discussed in this plea agreement as a result of this Office's investigation.

Charges

      Conditioned on the understandings specified below, this Office will accept a guilty plea from VIERA to a one-count Information, which charges VIERA with unlawful possession of a firearm by an illegal alien, in violation of Title 18, United States Code, Section 922(g)(5)(A). If VIERA enters a guilty plea and is sentenced on this charge and otherwise fully complies with this agreement, this Office will not initiate any further criminal charges against VIERA for unlawfully possessing firearms and ammunition in Monmouth County, New Jersey on or about December 11, 2024.

      But if a guilty plea in this matter is not entered for any reason or a guilty plea or judgment of conviction entered in accordance with this agreement does not remain in full force and effect, this Office may reinstate any dismissed charges and

initiate any other charges against VIERA even if the applicable statute of limitations period for those charges expires after VIERA signs this agreement, and VIERA agrees not to assert that any such charges are time-barred.

Sentencing

The violation of 18 U.S.C. § 922(g)(5)(A) to which VIERA agrees to plead guilty carries a statutory maximum sentence of 15 years' imprisonment and a maximum fine equal to the greatest of (1) $250,000; (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. Fines imposed by the sentencing judge may be subject to the payment of interest. The prison sentence on the Information may run consecutively to any prison sentence VIERA is serving or is ordered to serve.

The sentence to be imposed upon VIERA is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. Those Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what Guidelines range may be found by the sentencing judge, or as to what sentence VIERA ultimately will receive.

Further, in addition to imposing any other penalty on VIERA, the sentencing judge as part of the sentence:

(1) will order VIERA to pay an assessment of $100 pursuant to 18 U.S.C. § 3013(a)(2)(A), which assessment must be paid by the date of sentencing;

(2) may order VIERA to pay restitution pursuant to 18 U.S.C. § 3663 et seq.;

(3) must order forfeiture, pursuant to 18 U.S.C. §§ 981(a)(1)(C) and 924(d)(1), and 28 U.S.C. § 2461; and

(4) pursuant to 18 U.S.C. § 3583, may require VIERA to serve a term of supervised release of not more than three years, which will begin at the expiration of any term of imprisonment imposed.

Violation of Supervised Release

Should VIERA be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, VIERA may be sentenced to not more than two years' imprisonment in addition to

any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office may take any position with respect to the appropriate sentence to be imposed on VIERA by the sentencing judge. This Office may also correct any misstatements relating to the sentencing proceedings and provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. And this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of VIERA's activities and relevant conduct with respect to this case.

Forfeiture

As part of VIERA's acceptance of responsibility, and pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. 2461(c), VIERA agrees to forfeit to the United States all right, title, and interest, if any, in the firearms and ammunition seized by law enforcement officers on or about December 11, 2024, namely:

(1) One Anderson Manufacturing, Model AM-15, 5.56 caliber semiautomatic rifle, bearing serial number 22075522;

(2) One Walther, Model P22, .22 caliber semiautomatic pistol, bearing serial number WA280187 (collectively, the "Firearms"); and

(3) All ammunition associated with the Firearms (the "Ammunition;" the Firearms and Ammunition collectively, the "Specific Property").

VIERA acknowledges that the Specific Property is subject to forfeiture as firearms or ammunition involved in or used in the violation of 18 U.S.C. § 922(g)(5)(A) as charged in the Information.

VIERA waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Pursuant to Fed. R. Crim. P. 32.2(b)(4), VIERA consents to the entry of a forfeiture order that, in the Office's discretion, may be final as to the defendant prior to the defendant's sentencing. VIERA understands that criminal forfeiture pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c) is part of the sentence that may be imposed in this case and waives any failure by the Court to advise VIERA of this pursuant to Fed. R. Crim. P. 11(b)(1)(J) at the guilty plea proceeding.

VIERA further understands that VIERA has no right to demand that any forfeiture of VIERA's assets be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose in addition to forfeiture. VIERA waives all constitutional, statutory, and other challenges to the forfeiture on all grounds, including that the forfeiture constitutes an excessive fine or punishment under the Eighth Amendment.

VIERA also consents to the administrative and/or civil judicial forfeiture of the Specific Property pursuant to 18 U.S.C. § 984. VIERA agrees that VIERA will not file a claim or a petition for remission or mitigation in any forfeiture proceeding involving the Specific Property and will not cause or assist anyone else in doing so. To the extent VIERA has filed a claim or petition in any administrative or civil judicial forfeiture proceeding involving the Specific Property, such claims or petitions are deemed withdrawn. VIERA further agrees to take all necessary steps to pass clear title to the Specific Property to the United States, including, but not limited to, the surrender of such property to the United States, its agent, or designee, and the execution of all necessary documentation.

VIERA further consents and agrees to forfeit and abandon to federal, state, and/or local law enforcement all of VIERA's right, title, and interest in the Specific Property; waives all challenges of any kind to the forfeiture and abandonment of this property by federal, state, and/or local law enforcement; waives any additional notice requirement in connection with the forfeiture and/or abandonment of this property; and consents to the destruction of the forfeited and/or abandoned property at the discretion of federal, state, and/or local law enforcement.

Stipulations

This Office and VIERA will stipulate at sentencing to the statements set forth in the attached Schedule A, which is part of this plea agreement. Both parties understand that the sentencing judge and the United States Probation Office are not bound by those stipulations and may make independent factual findings and may reject any or all of the parties' stipulations. Nor do these stipulations restrict the parties' rights to respond to questions from the Court and to correct misinformation that has been provided to the Court.

This agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it believes materially conflicts with a Schedule A stipulation, that stipulation shall no longer bind this Office. A determination that a Schedule A stipulation is not binding shall not release the parties from any other portion of this agreement, including any other Schedule A stipulation.

If the sentencing court rejects a Schedule A stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court did so properly. Finally, to the extent that the parties do not stipulate to a particular fact or legal conclusion in this agreement, each reserves the right to argue how that fact or conclusion should affect the sentence.

Immigration Consequences

VIERA understands that, if VIERA is not a citizen of the United States, VIERA's guilty plea to the charged offense will likely result in VIERA being subject to immigration proceedings and removed from the United States by making VIERA deportable, excludable, or inadmissible, or ending VIERA's naturalization. VIERA understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. VIERA wants and agrees to plead guilty to the charged offense regardless of any immigration consequences of this plea, even if this plea will cause VIERA's removal from the United States. VIERA understands that VIERA is bound by this guilty plea regardless of any immigration consequences. Accordingly, VIERA waives any right to challenge the guilty plea, sentence, or both based on any immigration consequences. VIERA also agrees not to seek to withdraw this guilty plea, or to file a direct appeal, or any kind of collateral attack challenging the guilty plea, conviction, or sentence, based on any immigration consequences of the guilty plea or sentence.

Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A and the paragraph above, this Office and VIERA waive certain rights to appeal, collaterally attack, or otherwise challenge the judgment of conviction or sentence.

Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. If requested to do so, however, this Office will bring this agreement to the attention of other prosecuting offices.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against VIERA. So, this agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Immigration and Customs Enforcement) or any third party from initiating or prosecuting any civil or administrative proceeding against him.

No provision of this agreement shall preclude VIERA from pursuing in an appropriate forum, when permitted by law, a claim that he received constitutionally ineffective assistance of counsel.

### No Other Promises

This agreement constitutes the entire plea agreement between VIERA and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

ALINA HABBA
United States Attorney

By:   Jonathan S. Garelick
Special Assistant U.S. Attorney

APPROVED:

Martha K. Nye
Attorney-in-Charge, Trenton Branch Office

I have received this letter from my attorney, Benjamin West, Esq. I have read it. My attorney and I have reviewed and discussed it and all of its provisions, including those addressing the charge, sentencing, violation of supervised release, forfeiture, stipulations (including the attached Schedule A), immigration consequences, and wavier. I understand this letter fully and am satisfied with my counsel's explanations. I accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____        7/18/25
_____        7/9/25
Jose Manuel Menjivar Viera              Date

I have reviewed and discussed with my client this plea agreement and all of its provisions, including those addressing the charge, sentencing, violation of supervised release, forfeiture, stipulations (including the attached Schedule A), immigration consequences, and wavier. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

_____        7/9/25
Benjamin West, Esq.                     Date
Assistant Federal Public Defender
Counsel for Jose Manuel Menjivar Viera

## PLEA AGREEMENT WITH JOSE MANUEL MENJIVAR VIERA

### Schedule A

1.  This Office and Jose Manuel Menjivar Viera ("VIERA") recognize that the United States Sentencing Guidelines do not bind the sentencing judge. Each party nevertheless agrees to these stipulations.

2.  The version of the Guidelines effective November 1, 2024, applies in this case.

3.  The applicable guideline is U.S.S.G. § 2K2.1. This guideline carries a base offense level of 20 because one of the firearms used in the instant offense was a semiautomatic firearm capable of accepting a large capacity magazine, and at the time of the offense, VIERA was a prohibited person. See U.S.S.G. § 2K2.1(a)(4)(B).

4.  The offense involved the receipt with the intent to transport, transfer, sell, or otherwise dispose of, a firearm knowing or having reason to believe that such conduct would result in the receipt of the firearm by an individual who intended to use or dispose of the firearm unlawfully, and/or attempted or conspired to do same, which warrants a 2-level increase pursuant to U.S.S.G. § 2K2.1(b)(5)(B).

5.  The offense involved the possession of a firearm in connection with another felony offense, that is, resisting arrest and preventing a law enforcement officer from effecting an arrest, which warrants a 4-level increase pursuant to § 2K2.1(b)(6)(B).

6.  Accordingly, the parties agree that VIERA's adjusted offense level is 26.

7.  As of the date of this letter, VIERA has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offense charged. Therefore, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if VIERA's acceptance of responsibility continues through the date of sentencing. See U.S.S.G. § 3E1.1(a).

8.  As of the date of this letter, VIERA has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting this Office to avoid preparing for trial and permitting this Office and the court to allocate their resources efficiently. At sentencing, this Office will move for a further 1-level reduction in VIERA's offense level pursuant to U.S.S.G. § 3E1.1(b) if the following conditions are met: (a) VIERA enters a plea pursuant to this agreement, (b) this Office, in its discretion, determines that VIERA's acceptance of responsibility has continued through the date of sentencing and VIERA therefore qualifies for a 2-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and

(c) VIERA's offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater.

9. In accordance with the above, the parties agree that the total Guidelines offense level applicable to VIERA is 23 (the "Total Offense Level").

10. The parties agree not to advocate for any upward or downward adjustment or departure from the Guidelines range resulting from (a) the Total Offense Level and (b) the criminal history category that the sentencing judge applies under Chapter 4 of the Guidelines without any departure or variance. But each party may seek a variance from that Guidelines range, which the other party may oppose.

11. If the term of imprisonment does not exceed 57 months, and except as specified in the next paragraph below, VIERA will not challenge or seek to reduce by any means any component of the sentence imposed by the sentencing judge for any reason other than ineffective assistance of counsel. The term "any means" includes a direct appeal under 18 U.S.C. § 3742 or 28 U.S.C. § 1291, a motion to vacate the sentence under 28 U.S.C. § 2255, a motion to reduce the term of imprisonment under 18 U.S.C. § 3582(c)(1)(B) or (c)(2), a motion for early termination of supervised release under 18 U.S.C. § 3583(e)(1), or any other appeal, motion, petition, or writ, however captioned, that seeks to attack or modify any component of the sentence. If the term of imprisonment is at least 46 months, this Office will not challenge by appeal, motion, or writ any component of the sentence imposed by the sentencing judge. The provisions of this paragraph bind the parties even if the sentencing judge employs a Guidelines analysis different from the one above.

12. Both parties reserve the right to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph or any other provision of this plea agreement. Moreover, the preceding paragraph does not apply to:

    (a)    Any proceeding to revoke the term of supervised release.

    (b)    A motion to reduce the term of imprisonment under 18 U.S.C. § 3582(c)(1)(A).

    (c)    An appeal from the denial of a § 3582(c)(1)(A) motion on the grounds that the court erred in finding no extraordinary and compelling circumstances warranting a reduced term of imprisonment or that the court failed to consider those circumstances as a discretionary matter under the applicable factors of 18 U.S.C. § 3553(a).